JUDGMENT: Judgment affirmed.
ATTORNEYS:
 OPINION
Defendant-appellant, David Cullen, Jr., appeals from the judgment of the Van Wert County Court of Common Pleas which denied defendant's motion to suppress.
On May 1, 1998, defendant was indicted by the Van Wert County Grand Jury for the rape of a person under thirteen years of age, in violation of R.C. 2907.02(A)(1)(b). A jury trial was held and the jury found defendant guilty on the rape charge.
Defendant now appeals and raises the following assignment of error:
 The trial court erred in finding the defendant's statement to the Van Wert City Police to be non-custodial and not involuntary and overruling the defendant's motion to suppress said statement.
Defendant in essence contends that the trial court erred in refusing to suppress his taped statements to the police on April 7, 1998 because his statements were made during a custodial interrogation requiring his Miranda rights warning and that such statements were not voluntarily made.
"Only a custodial interrogation triggers the need for a Miranda rights warning." State v. Mason (1998), 82 Ohio St.3d 144,153, citing Berkemer v. McCarty (1984), 468 U.S. 420,104 S.Ct. 3138, 82 L.Ed.2d 317. As the Ohio Supreme Court held in Mason, 82 Ohio St.3d at 154:
 The fact that a suspect is being interviewed at a police station does not, per se, require a Miranda rights warning. Rather, the determination as to whether a custodial interrogation has occurred requires an inquiry into "how a reasonable man in the suspect's position would have understood his situation." Berkemer v. McCarty, 468 U.S. at 442, 104 S.Ct. at 3151, 82 L.Ed.2d at 336. "[T]he ultimate inquiry is simply whether there is a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler (1983), 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275, 1279, quoting Oregon v. Mathiason (1977), 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714, 719.
In this case, the record at the hearing on defendant's motion to suppress reveals the following: During the course of a police investigation regarding an allegation of rape made by Danielle Barnes, the police contacted defendant's father asking that defendant come to the police station. After defendant arrived at the police station on April 7, 1998, Detective Lieutenant Moore interviewed him in a room twelve feet by fourteen feet with two other officers present in this room. The detective informed defendant that he was not under arrest and that he was free to leave at any time. The detective then told defendant about the allegation and asked if defendant wanted to tell his side of the story as to what happened. At the beginning of the taped portion of that interview, defendant acknowledged that he was told that he was not under arrest and that he could leave at any time. Defendant also acknowledged that he was told the door was shut for privacy and was not locked. Defendant then repeated his version of the incident. After the close of the interview, defendant was not arrested and did in fact leave the police station. The evidence supports the trial court's finding that the defendant's statements were not made during a "custodial interrogation." See Mason, supra; State v. Biros (1997), 78 Ohio St.3d 426, 441-442.
Further, the evidence supports the trial court's finding that defendant's statements were not involuntarily made. In determining whether a defendant's pretrial statement was involuntary, a court "`should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.'" Mason,82 Ohio St.3d at 154, quoting State v. Edwards (1976), 49 Ohio St.2d 31, paragraph two of the syllabus. Defendant was a high school graduate who has been diagnosed with Attention Deficit Disorder and has a physical condition known as Osteogenesis Imperfecta. As a result of that physical condition, defendant is confined to a wheel chair. At the suppression hearing, defendant indicated that the police threatened him and that they told him that if he would just tell the truth, he would not get life imprisonment. According to the detective who testified at the hearing, no promises or threats had been used to secure the statements. Upon review of his taped statements, defendant did not appear to be pressured or coerced to repeat his story on tape. Moreover, the questioning on April 7, 1998 lasted less than forty-five minutes. Under the totality of the circumstances, we are persuaded that defendant's taped statements to the detective in which he maintained that he did not force Danielle to perform oral sex were voluntary.
Accordingly, defendant's sole assignment of error is overruled and the judgment of the trial court overruling his motion to suppress is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.